## August Cellarius, Individual and as Administrator, Appellant, v. Amanda Junker, Appellee.

### Gen. No. 6,197.   (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Bill in equity filed by August Cellarius, in his individual capacity and as administrator of the estate of William Cellarius, complainant, against Amanda Junker, defendant, to set aside a change of beneficiary made by the deceased, for the benefit of defendant, in two life insurance policies, on the ground of fraud and undue influence, and to enjoin the payment of the policies to defendant. From a decree in favor of defendant, complainant appeals.

There was no evidence in the record to sustain the charges made in the bill, of fraud or undue influence, but there was evidence tending to show that the deceased, at the time of making the change of beneficiary, was mentally incompetent. A number of witnesses testified that the deceased, about the time he made the change, was incapacitated for the transaction of ordinary business, but the evidence was conflicting on that point.

ALBERT H. KRUSEMARK, for appellant.

S. J. DREW, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Cellarius v. Junker, 200 Ill. App. 399.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1398*—*when findings of jury approved by chancellor not disturbed.* Where, in a chancery case, it is not apparent from the record that error has been committed by the chancellor in sustaining the findings of fact of a jury, to which such issues have been submitted in an advisory capacity, such findings will not be disturbed on appeal.

2. CANCELLATION OF INSTRUMENTS, § 35*—*when evidence sufficient to show mental capacity.* In a suit in equity to set aside a change of beneficiaries of life insurance policies made on request of the insured, on the ground that he did not have sufficient mental capacity at the time, evidence *held* sufficient to sustain a finding that he had such capacity.

3. CANCELLATION OF INSTRUMENTS, § 34*—*when evidence as to conduct of beneficiary of policy inadmissible.* In a suit in equity to set aside the substitution, as beneficiary, by the insured of one designated by him, in his request for such substitution, as his "fiancee," where it was claimed by the complainant that such beneficiary was not the insured's fiancee, evidence that she was playing cards, laughing and having a good time at the time the insured was in a dying condition, *held* properly excluded, it not being contradictory of anything that had been testified to, and having no bearing on the issues in the case.

4. INSTRUCTIONS, § 120*—*when properly refused.* An instruction is properly refused where there is no evidence on which to base it.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.